IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02327-BNB

MICHAEL DOYLE,

    Plaintiff,

v.

MARTIN F. EGELHOFF, Judge, Denver Dist. Ct.,
ROBERT L. McGAHEY, JR., Judge, Denver Dist. Ct.,
BARRETT WEISZ, Reg. No. 27601, Head Chair, Public Defender,
T. MARSHAL SEUFERT, Reg. No. 29850, Second Chair, Public Defender,
EDWARD A. PLUSS, Reg. No. 10648, Conflict Free Counsel,
ROBERT P. BORQUEZ, Reg. No. 2302, Conflict Free Counsel,
ARTURO G. HERNANDEZ, Reg. No. 26096, Dist. Attorney, and
CHRISTOPHER G. PENNY, Reg. No. 26210, Dist. Attorney,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 04 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Michael Doyle is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Doyle has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated during the course of the state court criminal proceedings against him. Mr. Doyle seeks damages as relief.

Mr. Doyle has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i) and (iii), the Court must dismiss the complaint at any time if the claims asserted are legally frivolous or if Mr. Doyle seeks monetary relief from a Defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or in which he asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action pursuant to § 1915(e)(2)(B)(i) and (iii).

The Court must construe the complaint liberally because Mr. Doyle is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a **pro se** litigant. **See id.**

As noted above, Mr. Doyle alleges that his constitutional rights were violated during the course of the state court criminal proceedings against him. According to the copy of the state court judgment of conviction that is attached to the complaint, Mr. Doyle pled guilty to second degree murder and he was sentenced to eighteen years in prison. He specifically asserts three claims for relief in the instant action. He first claims that his constitutional rights were violated because he was denied a probable cause hearing after his arrest on March 8, 2001, and he did not make an initial appearance until June 14, 2001. Mr. Doyle's second claim is that his constitutional rights were violated when he was denied the opportunity to file a direct appeal. Mr. Doyle finally claims that his constitutional rights were violated because he was incompetent to stand trial or plead guilty. The named Defendants in this action are the

Case 1:09-cv-02327-ZLW Document 8 Filed 11/04/09 USDC Colorado Page 3 of 6

state court judge who presided over Mr. Doyle's criminal case and motion to withdraw his guilty plea, the state court judge who presided over Mr. Doyle's postconviction Rule 35(c) motion, two public defenders, two private attorneys who apparently were appointed to represent Mr. Doyle, and two deputy district attorneys who handled various aspects of Mr. Doyle's criminal case. Mr. Doyle does not provide any factual allegations regarding each Defendant's personal participation in the three specific claims he raises in the complaint.

The Court notes initially that Mr. Doyle currently has pending an application for a writ of habeas corpus challenging the validity of his state court criminal conviction. **See Doyle v. Archuleta**, No. 07-cv-01358-PAB-KMT (D. Colo. filed June 28, 2007). A brief review of Mr. Doyle's pending habeas corpus application reveals that two of the claims raised in this action also are raised in the habeas corpus application. In any event, Mr. Doyle may not sue any of the named Defendants in this action for the alleged constitutional violations because each of the named Defendants either is entitled to immunity or may not be sued pursuant to § 1983.

With respect to the two state court judges named as Defendants, the Court notes that judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judges were acting in the clear absence of all jurisdiction. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt*, 17 F.3d at 1266-67. Mr. Doyle fails to allege any facts that indicate either of the state court judges named as Defendants was acting in the clear absence of all jurisdiction in his criminal case.

3

Therefore, the claims asserted against the state court judges are barred by absolute judicial immunity and will be dismissed.

The deputy district attorneys named as Defendants are entitled to absolute prosecutorial immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Mr. Doyle does not allege any actions by the deputy district attorneys named as Defendants that were taken outside the course of their roles as advocates for the State. Therefore, the deputy district attorneys named as Defendants are entitled to absolute prosecutorial immunity and the claims against them also will be dismissed.

Mr. Doyle's claims against the four attorneys who acted as defense counsel also will be dismissed. Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Therefore, Mr. Doyle's claims against his defense attorneys are legally frivolous and will be dismissed for that reason.

Finally, Mr. Doyle has filed a document titled "Injunction or Tro" in which he asks the Court to order the DOC to provide him with the photocopies necessary to file this action. The "Injunction or Tro," which was docketed as a motion, will be denied as moot

because the Court has determined that all of Mr. Doyle's claims must be dismissed. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). It is

FURTHER ORDERED that the document titled "Injunction or Tro" filed by Mr. Doyle on September 30, 2009, is denied as moot.

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02327-BNB

Michael Doyle
Prisoner No. 114917
Sterling Correctional Facility
PO Box 6000 - Unit 1-B-316
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk